# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

IN RE:     Annette L. Franco            \*
                                                       \*       Case No.
                                                       \*
                Debtor(s)                  \*       Chapter 13 Proceeding

## ☐AMENDED   ☐MODIFIED
## DEBTOR(S) CHAPTER 13 PLAN
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Creditors are hereby notified that the following Plan may be amended at any time before confirmation. Any amendment may affect your status as a creditor. The Debtor(s) estimate of how much the Plan will pay, projected payments, and estimates of the allowed claims may also change. The following information advises creditors of the status of the case based on the information known at the time of its preparation. Any special concerns of a creditor may justify attendance at the Meeting of Creditors and such other action as may be appropriate under the circumstances. More detailed information is on file at the Office of the United States Bankruptcy Clerk in El Paso or Waco, Texas. Local Bankruptcy Rules and Standing Orders on procedures are available at the Clerk's Office and online at www.txwb.uscourts.gov.*

*Use of the singular word "Debtor" in this plan includes the plural where appropriate.*

## Plan Summary

A.     The Debtor(s) plan payment will be __$165.00__ per month, paid by ☐ Pay Order or ☒ Direct Pay, for _55_ months. The gross amount to be paid into the Plan is __$9,075.00__.

B.     The Plan proposes to pay all allowed priority claims in full, all secured claims to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI below, and approximately _10_ % of each unsecured allowed claim.

THIS PLAN DOES NOT ALLOW CLAIMS. YOU MUST FILE A PROOF OF CLAIM BY THE APPLICABLE DEADLINE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN THAT MAY BE CONFIRMED. CREDITORS ARE REFERRED TO THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, THE LOCAL BANKRUPTCY RULES FOR THE WESTERN DISTRICT OF TEXAS, AND THE APPLICABLE STANDING ORDER RELATING TO CHAPTER 13 CASE ADMINISTRATION FOR THIS DIVISION, FOR INFORMATION ON THESE AND OTHER DEADLINES.

C.     The value of the Debtor(s) non-exempt assets is __$0.00__.

D.     If the payment of any debt is proposed to be paid directly by the Debtor(s) outside the Plan, it is so noted in Section VI(1), set forth below.

## Plan Provisions

### I. Vesting of Estate Property

☐ Upon confirmation of the Plan, all property of the estate shall vest in the Debtor and shall not remain as property of the estate.

☒ Upon confirmation of the Plan, all property of the estate shall not vest in the Debtor, but shall remain as property of the estate.

☐ Other (describe):

### II. Pre-Confirmation Disbursements

In accordance with the applicable Standing Order Relating to Chapter 13 Case Administration, the Debtor requests and consents to disbursement by the Chapter 13 Trustee of payments prior to confirmation of the Plan to evidence the Debtor(s) good faith, promote successful completion of the case, and to provide adequate protection to secured creditors. The Debtor shall remit such payments to the Trustee commencing 15 days after the filing of the petition. Provided all conditions for disbursement are met and unless otherwise ordered by the Court, the Trustee shall begin disbursing to creditors as provided below, on the first regularly scheduled disbursement after 30 days after the petition is filed. Payments under this paragraph will cease upon confirmation of the Plan.

| Creditor/Collateral | Pre-Confirmation Payment Amount | Other Treatment Remarks |
|---|---|---|
|  |  |  |

### III. Executory Contracts/Unexpired Leases/Contracts for Deed

Pursuant to 11 U.S.C. § 1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to **assume** the following executory contracts, unexpired leases, and/or contracts for deed, if any:

- NONE -

Pursuant to 11 U.S.C. § 1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to **reject** the following executory contracts, unexpired leases, and/or contracts for deed, if any:

- NONE -

### IV. Motion to Value Collateral Pursuant to 11 U.S.C. § 506

The Trustee shall pay allowed secured claims, which require the filing of a proof of claim, to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI(2), hereof, plus interest thereon at the rate specified in this Plan. Except for secured claims for which provision is made to pay the full amount of the claim not withstanding the value of the collateral, the portion of any allowed claim that exceeds the value of the collateral shall be treated as an unsecured claim under Section VI(2)(F).

The Debtor(s) move(s) to value the collateral described below in the amounts indicated. The values as stated below represent the replacement values of the assets held for collateral, as required under Section 506(a)(2). Objections to valuation of collateral proposed by this Motion and Plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely response or objection is filed, the relief requested may be granted in conjunction with confirmation of the Plan.

| Creditor/Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/ Remarks |
|---|---|---|---|---|---|---|
| - NONE - |  |  |  |  |  |  |

"I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 2010.

Debtor **Annette L. Franco**                     Co-Debtor

## V. Motion to Avoid Lien Pursuant to 11 U.S.C. § 522(f)

The Bankruptcy Code allows certain liens to be avoided. If a lien is avoided, the claim will not be treated as a secured claim but as an unsecured claim under Section VI(2)(F).

The Debtor moves to avoid the following liens that impair exemptions. Objections to lien avoidance as proposed in this Plan must be filed no later than ten (10) days prior to the confirmation hearing date. If not timely objection is filed, the relief requested maybe granted in conjunction with confirmation of the Plan. (Debtor must list the specific exempt property that the lien impairs and the basis of the lien (e.g., judicial lien, nonpurchase-money security interest, etc.)

| Creditor | Property Subject to Lien | Amount of Lien to Be Avoided | Remarks |
|---|---|---|---|
| - NONE - | | | |

## VI. Specific Treatment for Payment of Allowed Claims

### 1. PAYMENTS TO BE MADE BY THE DEBTOR DIRECTLY TO CREDITORS, INCLUDING POST-PETITION DOMESTIC SUPPORT OBLIGATIONS

A. Debtor(s) shall pay the following creditors directly. Creditors with claims based on a post-petition domestic support obligation ("DSO"), including all governmental units to which a DSO claim has been assigned, or is owed, or that may otherwise recover a DSO claim, must be paid directly. Minors should be identified by their initials only. If no DSO creditor is listed, the Debtor represents he/she has no domestic support obligation.

All direct payments listed below shall be made in addition to the Plan payments made by Debtor to the Chapter 13 Trustee as herein set forth. Secured creditors who are paid directly shall retain their liens, and the Debtor(s) shall maintain insurance on the collateral, in accordance with the terms of the documents creating the lien on the collateral.

| Creditor/Collateral, if any (including the name of each DSO creditor) | Remarks | Debt Amount | Payment Amount/Interval |
|---|---|---|---|
| - NONE - | | | |

B. Debtor surrenders the following collateral. Confirmation of the Plan shall operate to lift the automatic stay provided by 11 U.S.C. § 362(a) with respect to the collateral listed, and any unsecured deficiency claim may be filed in accordance with the procedures set forth in the Standing Order Relating to Chapter 13 Case Administration for this Division.

| Creditor/Collateral | Collateral to Be Surrendered |
|---|---|
| - NONE - | |

### 2. PAYMENTS TO BE MADE BY TRUSTEE TO CREDITORS

A. Administrative Expenses

Administrative Expenses shall include the Trustee's commission and debtor(s) attorney's fees. The Trustee shall receive up to 10% of all sums disbursed, except on any funds returned to the Debtor. No fees or expenses of counsel for the debtor(s) may be paid until the filing fee is paid in full, and any fees and expenses that are allowed in addition to the fees and expenses originally agreed to be paid, may be paid only after all prior allowed fees and expenses have been paid.

| Creditor | Estimated Amount of Debt | Payment Method (before secured creditors, after secured creditors, or along with secured creditors) | Remarks |
|---|---|---|---|

| Tanzy & Borrego Law Offices | $2,995.00 | Along With | The trustee shall make distribution of the base fee awarded in the confirmation order equal to one month's plan payment for up to the first four months of the term of the plan. The remainder of the base fee due the attorney (if any) shall be paid at the rate of $100 a month until paid in full. |
|---|---|---|---|

B. Priority Claims, Including Domestic Support Obligation Arrearage Claims

| Creditor | Estimated Amount of Debt | Payment Method, before secured creditors, after secured creditors, or along with secured creditors | Remarks |
|---|---|---|---|
| - NONE - | | | |

C. Arrearage Claims

| Creditor/Collateral | Estimated Claim | Estimated Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/ Remarks |
|---|---|---|---|---|---|---|
| - NONE - | | | | | | |

D. Cure Claims on Assumed Contracts, Leases, and Contracts for Deed:

| Creditor/Subject Property, if any | Estimated Amount of Cure Claim | Monthly Payment or Method of Disbursement | Remarks |
|---|---|---|---|
| - NONE - | | | |

E. Secured Creditors

Secured creditors shall retain their liens on the collateral that is security for their claims until the earlier of the date the underlying debt, as determined under non-bankruptcy law, has been paid in full, or the date of discharge under 11 U.S.C. § 1328. Therefore, if the debtor's case is dismissed or converted without completion of all Plan payments, the liens shall be retained by the creditors to the extent recognized by applicable non-bankruptcy law.

| Creditor/ Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/ Remarks (specifically note if claim amount to be paid although greater than value of collateral) |
|---|---|---|---|---|---|---|
| - NONE - | | | | | | |

F. General Unsecured Creditors (including claims from rejection of contracts, leases and contracts for deed). *Describe treatment for the class of general unsecured creditors.*

| Creditor | Claim Amount | Remarks |
|---|---|---|
| Attorney General | $0.00 | |
| Bank of America | $564.00 | |
| Bank of America | $5,296.00 | |
| Bank of America | $0.00 | |
| Bank of America | $0.00 | |
| Best Buy | $69.00 | |
| Best Buy | $0.00 | |
| Capital One | $3,055.00 | |

| | | | |
|---|---|---|---|
| Capital One | $0.00 | | |
| Capital One | $0.00 | | |
| Capital One Bank | $2,170.00 | | |
| Capital One Bank | $0.00 | | |
| Capital One Bank | $0.00 | | |
| Chevron/GE Money Bank | $285.00 | | |
| Citibank | $7,765.00 | | |
| Citibank | $0.00 | | |
| Citibank | $10,100.00 | | |
| Citibank | $0.00 | | |
| Dillard's/GE Money Bank | $1,136.00 | | |
| FHA/HUD | $0.00 | | |
| Gordon's | $729.00 | | |
| JC Penney/GE Money Bank | $973.00 | | |
| Kmart | $711.00 | | |
| Kmart | $0.00 | | |
| Kmart | $0.00 | | |
| Mervyn's | $0.00 | | |
| Mervyn's | $0.00 | | |
| Mervyns | $0.00 | | |
| Mervyns/GE Money Bank | $874.00 | | |
| Phillips 66 | $1,113.00 | | |
| Sam's Club/GE Money Bank | $2,563.00 | | |
| Sears | $1,220.00 | | |
| Sears | $0.00 | | |
| Sears | $0.00 | | |
| Sears | $841.00 | | |
| Sears | $0.00 | | |
| Seventh Avenue | $298.00 | | |
| Target | $974.00 | | |
| U.S. Attorney/FHA/HUD/IRS/VA | $0.00 | | |
| Veterans Administration | $0.00 | | |
| Victoria's Secret | $432.00 | | |
| Wal-Mart/GE Money Bank | $4,952.00 | | |
| Wells Fargo Financial Cards | $2,900.00 | | |

\* Indicates the unsecured portion of a Secured Claim, the nonpriority portion of a Priority Claim, or the full amount of an avoided Secured Claim.

**Totals:**

Administrative Claims $2,995.00
Priority Claims $0.00
Arrearage Claims $0.00
Cure Claims $0.00
Secured Claims $0.00
Unsecured Claims $49,020.00

## VII. Supplemental Plan Provisions

The following are the Supplemental Plan Provisions:

1. Unless the plan is a full pay plan, all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

2. If any secured proof of claim is filed for a debt that was either not listed or listed as unsecured, the claim shall be allowed as secured unless it is objected to. Said claim shall be paid under the plan at 8% interest. Likewise, if any priority proof of claim is filed for a debt that was either not listed or listed as unsecured, the claim shall be allowed as priority unless it is objected to. Said priority claim shall not be paid with any interest.

3. If a creditor is listed as secured and scheduled to receive pre-confirmation disbursements and post-confirmation payments along with the other secured creditors, but such creditor subsequently files an unsecured claim, then the creditor will not receive any pre-confirmation disbursements and upon confirmation will be paid along with the other unsecured creditors. The funds that were allocated to such creditor as a pre-confirmation disbursement will be distributed on a pro-rata basis to the other secured creditors. Similarly, the funds scheduled to be received by such creditor along with other secured creditors upon confirmation will also be distributed to the other secured creditors on a pro-rata basis.

Respectfully submitted this 6 day of December, 2010.

Attorney for Debtor
**Edgar Borrego 00787107**
**Miguel Flores 24036574**
**Sol M. Cortez 24071080**
2610 Montana Avenue
El Paso, TX 79903
(915) 566-4300
Fax: (915) 566-1122

Debtor **Annette L. Franco**
1118 E. Nevada
El Paso, TX 79902

Co-Debtor

In re   Annette L. Franco    Case No. _____
                             Chapter  13
Debtor(s)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the attached Chapter 13 Plan was served on 12/6/2010, on Chapter 13 Trustee, Stuart C. Cox, 1760 N. Lee Trevino Dr., El Paso, TX 79936, The United States Trustee, 615 E. Houston, Suite 533, P.O. Box 1539, San Antonio, TX 78295-1539, Annette L. Franco, 1118 E. Nevada, El Paso, TX 79902 and the persons listed below and/or on the attached list, at the addresses listed, via electronic means as listed on the court's ECF noticing system or by regular first class mail:

/s/ SMC

Edgar Borrego 00787107
Miguel Flores 24036574
Sol M. Cortez 24071080
Attorney for Tanzy & Borrego Law Offices

To creditors:

Bank of America
P.O. Box 15026
Wilmington, DE  19850-5026

Bank of America
P.O. Box 15026
Wilmington, DE  19850-5026

Bank of America
c/o Collectcorp
P.O. Box 4947 A
Birmingham, AL  35210-1928

Bank of America
c/o Zwicker & Associates
80 Minuteman Road
Andover, MA  01810-1031

Best Buy
Retail Services
P.O. Box 15521
Wilmington, DE  19850-5521

Best Buy
c/o HSBC
P.O. Box 60148
City of Industry, CA  91716-0148

Capital One
P.O. Box 30285
Salt Lake City, UT  84130-0285

Capital One
c/o Alliance One
4850 Street Rd. Ste 300
Feasterville Trevose, PA  19053

Capital One
c/o Allied Interstate
3000 Corporate Exchange Dr. 5th Floor
Columbus, OH  43231

Capital One Bank
P.O. Box 390846
Minneapolis, MN  55439

Capital One Bank
c/o First Source
205 Bryant Woods Sout
Buffalo, NY  14228

Capital One Bank
c/o NCO Financial
4740 Baxter Rd.
Virginia Beach, VA  23462

Chevron/GE Money Bank
Attn: Bankruptcy Dept
P.O Box 103104
Roswell, GA  30076

Citibank
P.O. Box 6077
Sioux Falls, SD  57117-6077

Citibank
c/o Allen L. Adkins & Associates P.C.
P.O. Box
Lubbock, TX  79452

Citibank
P.O. Box 6077
Sioux Falls, SD  57117-6077

Citibank
c/o Michael J. Scott, PC
1120 Metrocrest Dr.
Suite 100
Carrollton, TX  75006

Dillard's/GE Money Bank
Attn: Bankruptcy Department
P.O. Box 103104
Roswell, GA  30076

Gordon's
P. O. Box 653054
Dallas, TX  75265-3054

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA  19114-0326

JC Penney/GE Money Bank
Attn: Bankruptcy Dept
P.O Box 103104
Roswell, GA  30076

Kmart
P.O. Box 15521 Wilmington DE
Wilmington, DE  19850-5521

Kmart
c/o HSBC
P.O. Box 5244
Carol Stream, IL  60197-5244

Kmart
c/o Firstsource Advantage LLC
205 Bryant Woods South
Buffalo, NY  14228

Mervyn's
c/o Leading Edge
5440 N Cumberland Ave
Ste.300
Chicago, IL  60656-1490

Mervyn's
c/o MCM
Dept.12421
P.O.Box 603
Oaks, PA  19456

Mervyns
c/o Genpact Services LLC
P.O. Box Southgate
Southgate, MI  48195

Mervyns/GE Money Bank
Attn: Bankruptcy Department
P.O. Box 103104
Roswell, GA  30076

Phillips 66
Credit Card Center
P.O. Box 9140
Des Moines, IA  50368-9140

Sam's Club/GE Money Bank
Attn: Bankruptcy Dept.
P.O. Box 103104
Roswell, GA  30076

Sears
P.O. Box 6283
Sioux Falls, SD  57117-6282

Sears
c/o LVNV Funding
P.O. Box 10587
Greenville, SC  29603-0587

Sears
c/o Citibank
P.O. Box 6077
Sioux Falls, SD  57117-6077

Sears
P.O. Box 6283
Sioux Falls, SD  57117-6282

Sears
c/o Citibank
P.O. Box 6077
Sioux Falls, SD  57117-6077

Seventh Avenue
1112 7th Avenue
Monroe, WI  53566-1364

Target
Retailers National Bank
P.O. Box 1581
Minneapolis, MN  55440-1581

U.S. Attorney/FHA/HUD/IRS/VA
601 N.W. Loop 410
Suite 600
San Antonio, TX  78216

Victoria's Secret
World Financial Network National Bank
P.O. Box 182128
Columbus, OH  43218-2128

Wal-Mart/GE Money Bank
Attn: Bankruptcy Department
P.O. Box 103104
Roswell, GA  30076

Wells Fargo Financial Cards
P.O. Box 5943
Sioux Falls, SD  57117-5943

~ end of list ~